1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELAINE DOUGAN,
for Herself, as a Private Attorney
General, and/or On Behalf Of All
Others Similarly Situated,

                              Plaintiff,

     v.

THE CHILDREN'S PLACE, INC.,

                              Defendant.

Case No. 2:20-cv-00818

**CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF UNDER
THE COMMERCIAL ELECTRONIC
MAIL ACT, RCW 19.190, AND FOR
DAMAGES AND INJUNCTIVE
UNDER THE CONSUMER
PROTECTION ACT, RCW 19.86**

**JURY TRIAL DEMANDED**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Plaintiff Elaine Dougan, demanding trial by jury as to all issues so triable, alleges as follows, on personal knowledge and/or on the investigation of her counsel, against Defendant The Children's Place, Inc. (referred to herein as "The Children's Place," "Children's Place," or "Defendant"):

## I.  INTRODUCTION

1.      The Children's Place is a leading retailer and manufacturer of baby and young children's clothing and apparel. As alleged herein, Defendant The Children's Place has violated and continues to violate the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the Washington Consumer Protection Act, RCW 19.86, by transmitting to Washington consumers emails which contain false or misleading information in the subject lines.

## II.  PARTIES

2.      Plaintiff Elaine Dougan is a citizen of the United States of America and an individual and a natural adult person who currently resides in Kennewick, Washington. Ms. Dougan has resided in Washington State since 1993.

3.      Defendant The Children's Place, Inc., is a corporation with its headquarters, executive office, principal place of business and/or nerve center in Secaucus, New Jersey.

## III.  JURISDICTION AND VENUE

4.      **Subject Matter Jurisdiction**. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) (i.e., diversity jurisdiction) because the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different states.

5.      The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2) (i.e., Class Action Fairness Act jurisdiction) because the amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs) and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

6.      **Personal Jurisdiction**. This Court may exercise personal jurisdiction over

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 2

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Defendant pursuant to Washington State's long-arm statute, RCW 4.28.185. This Court may exercise personal jurisdiction over the out-of-state Defendant because the claims alleged in this civil action arose from, without limitation, the Defendant's transactions within the State of Washington, and/or the commission by Defendant of a tortious act within the State of Washington.

7.      This Court may exercise personal jurisdiction over the out-of-state Defendant to the fullest extent allowed under the federal due process clause. Defendant has certain minimum contacts with the State of Washington such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. As alleged in this pleading, Defendant has and continue to purposefully do some act or consummate some transaction in the State of Washington, Plaintiff's claims arise from and/or are connected with said act or transaction of Defendant, and the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the State of Washington, the relative convenience of the parties, the benefits and protection of laws of the State of Washington afforded the respective parties, and the basic equities of the situation.

8.      Defendant owns and operates at least ten The Children's Place-branded retail stores in the State of Washington. Defendant operates a website, www.childrensplace.com, by which Defendant advertises and sells its goods, with said website being regularly seen by Washington consumers and being regularly used by Washington consumers to purchase goods from Defendant. Defendant regularly sends marketing emails, which Plaintiff alleges contain false or misleading information in the subject lines, to thousands of residents in the State of Washington.

9.      **Venue**. Venue is proper in this judicial district pursuant to the criteria enunciated in 28 U.S.C. § 1391 and its attendant case law.

## IV.   **FACTUAL ALLEGATIONS**

10.      Defendant The Children's Place is a popular retailer and manufacturer of baby and young children's clothing and apparel.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

11.     Currently, Defendant operates approximately 924 stores throughout North America, including at least ten locations in Washington State. Defendant also operates the online Children's Place website, www.childrensplace.com, where it advertises, markets, and sells its products to consumers in the United States, including in Washington State.

12.     Almost all of the products offered and sold by The Children's Place are branded as The Children's Place products and are <u>exclusively</u> offered by The Children's Place in its retail stores and on its website. In other words, the products offered by The Children's Place are not offered by, and are not available from, any other retailer.

**A.      Background Information: Defendant's "Sales" Are False.**

13.     Defendant creates purported list prices for its products which are inflated far above the products' regular and true selling prices. Defendant advertises virtually all of its products in its brick-and-mortar stores and on its website as being (perpetually) discounted from Defendant's self-created list prices. In Children's Place retail stores, the list prices are typically the only prices printed on the product tags, where Defendant posts "ENTIRE STORE ON SALE" and "XX% OFF" discount signage throughout the store and on product shelves. On The Children's Place website, the list prices are advertised as the "Was" price, and/or as the strike-through price adjacent to an "XX% OFF" discount representation. For nearly all of its products, the list prices and claimed discounts are false and inflated because Defendant rarely or never offers the products at their stated list price.

14.     For most days of the year, Defendant advertises store-wide and website-wide "sales" of a fixed percentage off discount (ranging from 30% to 80%). For the other days of the year, Defendant continues to advertise sales and discounts for most of its products.

15.     Plaintiff's allegations concerning The Children's Place's false discount advertising scheme are based on a comprehensive investigation by Plaintiff's counsel of Defendant's pricing practices over a more than five-year period. Plaintiff's counsel has been monitoring and scraping The Children's Place website on an automated daily basis with a proprietary software program since August 27, 2014. Plaintiff's counsel has compiled and extracted daily pricing and marketing data from the website for nearly all of the products The

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 4

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Children's Place has offered during this time. In total, Plaintiff's counsel has assembled and analyzed a comprehensive historical database of daily prices and time-stamped screenshots of over 6 million daily offerings for over 53,000 products over this more than five-year period.

16.     Plaintiff's counsel's exhaustive big-data analysis of millions of data points over this more than five-year period for over 53,000 products shows that The Children's Place's advertised website-wide "sale" events and advertised percentage-off and dollar discounts were false, and that its list prices (i.e., reference prices) from which the discounts were calculated were false and inflated. For the majority of its products, The Children's Place **never** offered the products at the list price—not even for a single day. For the rest of its products, The Children's Place very rarely offered the products at the list price (e.g., typically less than ten percent of the time).

17.     Defendant may argue that while The Children's Place may have rarely or never offered its products at the list price on its website which Plaintiff's counsel has exhaustively tracked, Defendant nonetheless could have—in theory—"established" the list price in its brick-and-mortar retail stores. However, this defense would not hold water, as discovery will confirm. Plaintiff's counsel has investigated Defendant's brick-and-mortar retail stores and has found that Defendant's false discount practices and product pricing were and continue to be substantially the same both online and in-store. Virtually all the products that Defendant offers in its brick-and-mortar retail stores are also available and advertised on Defendant's website. Based on the investigation of Plaintiff's counsel, Defendant offers and advertises its products with identical list prices and at substantially the same sale prices both on its website and in its brick-and-mortar stores in Washington and throughout the nation.

18.     For example, the images below demonstrate how Defendant's list prices, sales prices, and advertised purported discounts are substantially the same both online and in-store (as has been The Children's Place's consistent practice since at least 2014):

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

**The Children's Place Retail Store
February 18, 2016**

Girls Short Sleeve Unicorn Butterflies Graphic Tee
List Price: $10.50 | Sale Price: $5.00

**The Children's Place Website
February 18, 2016**

Girls Short Sleeve Unicorn Butterflies Graphic Tee
List Price: $10.50 | Sale Price: $5.00







19.     The left photographs were taken at a Children's Place store located in

Washington State on February 18, 2016. It shows Defendant advertised the Girls Short Sleeve

Unicorn Butterflies Graphic Tee on sale for $5.00 with a list price of $10.50. The right

screenshot was taken from The Children's Place website on the same day on the product page

for the same t-shirt. On its website, Defendant advertised the identical list price as "Was:

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 6

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

$10.50" and the identical "sale" price of "**$5.00**".

20.     The price and discount representations regarding the t-shirt on the in-store signage and price tag, and on the product webpage on Defendant's website, are false and misleading because, based on Plaintiff's counsel's data, the t-shirt was almost never offered at the $10.50 list price, and the purported $5.00 "sale" price is in fact approximately equal to Defendant's normal and usual selling price for the t-shirt.

21.     Based on Plaintiff's counsel's investigation, Defendant's false discount practices on its website and in its brick-and-mortar stores have been ongoing from at least 2014 to the present.

**B.      Defendant Transmits Commercial Emails Containing False Or Misleading Information In The Subject Line.**

22.     From at least March 2019, Defendant has transmitted hundreds of commercial emails containing false or misleading information in the subject line to thousands of Washington State consumers, including Plaintiff. (As used in this Complaint, allegations that Defendant "transmitted" an email are allegations that Defendant initiated the transmission of the email, conspired with another to initiate the transmission of the email and/or assisted the transmission of the email. *See* RCW 19.190.030(1).)

23.     The emails Defendant transmitted falsely or misleadingly stated "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language in the subject line.

24.     The "XX% Off" statements are false or misleading because the discount amount was false and fabricated based on Defendant's self-created and inflated fictitious list prices at which Defendant never or rarely ever offered its products.

25.     Below are images of two recent emails Plaintiff received on February 12, 2020, and March 14, 2020, containing this type of false or misleading language in the subject line:

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

1

**Email Received February 12, 2020**    **Email Received March 14, 2020**




26.    The subject line of the email received on February 12, 2020, reads: "⚠️ 50% OFF EVERYTHING + EARN 2x Place Bucks TODAY!"  The subject line of the email received March 14, 2020, reads: "60% OFF THE ENTIRE SITE + $4.20 GRAPHIC TEES + FREE SHIPPING!" The email subject lines were false, in violation of the Washington Commercial Electronic Mail Act ("CEMA"), because "EVERYTHING" was <u>not</u> "50% OFF," and the "THE ENTIRE SITE" was <u>not</u> "60% OFF." In fact, the discounts advertised in the email subject lines were false and fabricated based on inflated and fake "regular" prices.

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

27.     In just this calendar year alone (the year 2020), Defendant has transmitted to Plaintiff and the Class at least forty-nine (49) emails which falsely or misleadingly stated "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language in the subject line. See the table below:

| **Date** | **Email Subject Line** |
|---|---|
| 02/08/2020 | 🎁 TWO DAYS LEFT! XTRA 10% off with NO RUSH PICKUP + ENTIRE site 60% off! |
| 02/10/2020 | 💥 YAY! 50% OFF EVERYTHING FOR PRESIDENTS' DAY! |
| 02/10/2020 | 🔴 50% OFF EVERYTHING! GET THE KIDS SPRING READY! |
| 02/11/2020 | 🔺 PRESIDENTS' DAY SALE: 50% off EVERYTHING! |
| 02/12/2020 | 🔴 PRES DAY DEAL DASH! 50% Off EVERYTHING + FREE SHIPPING! |
| 02/12/2020 | ⚠️ 50% OFF EVERYTHING + EARN 2x Place Bucks TODAY! |
| 02/13/2020 | 50% off EVERYTHING online ✓ 2X Place Bucks ✓ $4.99 & under graphic tees ✓ |
| 02/13/2020 | 😛 STEAL of the YEAR! 50% off EVERYTHING + FREEEEEE SHIPPING! |
| 02/13/2020 | 👍 THURSDAY STEAL! 50% off EVERYTHING!👍 |
| 02/14/2020 | 📫 50% OFF the ENTIRE SITE! DEALS YOU WILL LOVE! |
| 02/15/2020 | 😁 SUPER SATURDAY! 50% off EVERYTHING! |
| 02/15/2020 | 🐬 50% off EVERYTHING sitewide + PLACE CA$H IS NOW PLACE BUCK$ ◊ EARN 2X PLACE BUCK$! |
| 02/16/2020 | HUGE HOLIDAY SALE 😆\| 50% off EVERYTHING! |
| 02/16/2020 | SUNDAY STEAL! 50% off EVERYTHING + PLACE CA$H IS NOW PLACE BUCK$! EARN 2X PLACE BUCK$ 🤑! |
| 02/16/2020 | 🌸🌷 SPRING IS COMING! STOCK UP WITH 50% off EVERYTHING + 50-60% off spring dressy! |
| 02/17/2020 | STAY IN AND SHOP 50% off ENTIRE SITE + $4.99 & under graphic tees! |
| 02/17/2020 | This DEAL won't last! 50% off **ENTIRE SITE**! |
| 02/28/2020 | Making it easy on mom! 50-80% off sitewide + free shipping! |
| 03/03/2020 | 🐇 Hop to it! 50-80% off EVERYTHING + Earn Place BUCK$! |
| 03/06/2020 | 🌱 Spring it ON! 50-80% off the ENTIRE site + Earn Place Buck$! |

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

| | |
|---|---|
| 03/07/2020 | 50-80% off ENTIRE site! A Sale Every Bunny Can Enjoy🐰! |
| 03/10/2020 | 😍 60-80% off ENTIRE SITE starts NOW! Get ready 4 SPRING! |
| 03/11/2020 | 😎 ONLINE ONLY! 60-80% off sitewide + ship 4 free! |
| 03/12/2020 | 60% OFF ENTIRE SITE STARTS NOW! SHOP FOR EVERYTHING THEY NEED FOR SPRING! |
| 03/12/2020 | 60% OFF EVERYTHING ONLINE + $4.20 GRAPHIC TEES + $7.80 JEANS! |
| 03/13/2020 | EVERYTHING 60% OFF + FREE SHIPPING! |
| 03/13/2020 | WE LOVE 😍 60% OFF THE ENTIRE SITE + $4.20 GRAPHIC TEES + $7.80 JEANS! |
| 03/13/2020 | TIME TO STOCK UP! 60% OFF THE ENTIRE SITE + EARN PLACE BUCK$! |
| 03/14/2020 | NEW STYLES! 60% OFF THE ENTIRE SITE + FREE SHIPPING EVERY DAY! |
| 03/14/2020 | ONLINE ONLY! 60% OFF THE ENTIRE SITE + SHOP MATCHING FAMILY STYLES! |
| 03/14/2020 | 60% OFF THE ENTIRE SITE + $4.20 GRAPHIC TEES + FREE SHIPPING! |
| 03/15/2020 | BETTER THAN THIS? NO WAY! 60% OFF THE ENTIRE SITE! |
| 03/15/2020 | THINK EASTER! 60% OFF THE ENTIRE SITE + FREE SHIPPING! |
| 03/16/2020 | E.V.E.R.Y.T.H.I.N.G IS 60% OFF + $7.80 JEANS! |
| 03/17/2020 | 60% off *ENTIRE SITE* + FREE shipping! |
| 03/19/2020 | 60-80% OFF ENTIRE SITE + GET IT BY EASTER FOR FREE! |
| 03/20/2020 | 60-80% OFF ENTIRE SITE + ALL SHORTS $9.99 & UNDER! |
| 03/21/2020 | 60-80% OFF THE ENTIRE SITE + $9.99 & under shorts + $4.20 graphic tees! |
| 04/08/2020 | 60% OFF THE ENTIRE SITE + EARN POINTS ON ALL MIX N' MATCH! |
| 04/09/2020 | NO EXCLUSIONS! 60% OFF ENTIRE SITE + EARN $20 PLACE BUCK$! |
| 04/13/2020 | 💵 Place Buck$ Redeem Starts TODAY! 60% OFF ENTIRE SITE! |
| 05/03/2020 | 👕 TEES, TANKS, SHORTS! 60% OFF SITEWIDE! |
| 05/05/2020 | NO EXCLUSIONS! 60% off entire site + FREE shipping 24/7/365! |
| 05/06/2020 | 🌻 Think Spring! 60% off the entire site! |
| 05/07/2020 | 60% off everything + 60-80% off clearance! |

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

| 05/25/2020 | 🇺🇸 Memorial Day Sitewide Sale! 60-80% off ENTIRE SITE! |
| 05/26/2020 | 📞 Summer Steals Are Calling! 60-80% off EVERYTHING! |
| 05/27/2020 | 60-80% OFF ENTIRE SITE! BIGGEST. SUMMER. SALE. EVER! |
| 05/30/2020 | ☁️ Today's forecast: 60-80% off EVERYTHING - 0 exclusions! |

28.     Going back further, from March 5, 2019 through December 31, 2019, Defendant transmitted at least another two-hundred-fifty (250) emails to Plaintiff and the Class which falsely or misleadingly stated "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language in the subject line. (The list of those 250 email subject lines and dates are attached as **Exhibit A**.)

29.     Going back even further, prior to March 5, 2019, based on information and belief Defendant transmitted, within the applicable limitations period, hundreds more emails to Plaintiff and the Class containing similarly false or misleading information in the subject line to Plaintiff and other Washington consumers.

30.     The false or misleading nature of Defendant's statements was not obvious and was not reasonably ascertainable by Plaintiff or an ordinary and reasonable consumer; as such, the discovery rule should enlarge the applicable limitations period.

31.     As of the date of the filing of this pleading, Plaintiff is still receiving Defendant's commercial emails. Plaintiff would like to continue to receive Defendant's commercial emails, provided that the subject lines of the emails do not contain false or misleading information.

## V.    CLASS ACTION ALLEGATIONS

32.     Plaintiff Dougan brings this class-action lawsuit on behalf of herself and the members of the following Washington State class:

> **All residents of the State of Washington who, within the applicable limitations period, received an email from or at the behest of The Children's Place, Inc., that contained in the subject line: "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language.**

33.     Specifically excluded from the Class are each defendant, any entity in which a

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

defendant has a controlling interest or which has a controlling interest in a defendant, a defendant's agents and employees and attorneys, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

34.     **_Numerosity._** Plaintiff does not know the exact number of Class members but is informed and believes that the Class easily comprises thousands of people in the State of Washington. As such, Class members are so numerous that joinder of all members is impracticable.

35.     **_Commonality and Predominance._** Well-defined, nearly identical legal or factual questions affect the members of the Class. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

a.     Defendant's policies and actions regarding the subject lines of its promotional emails;

b.     Whether the subject lines of Defendant's promotional emails are false or misleading;

c.     Whether Defendant should be ordered to pay damages; and/or

d.     Whether Defendant should be enjoined from further engaging in the misconduct alleged herein.

36.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the class.

37.     By its conduct and omissions alleged herein, Defendant has acted and refused to act on grounds that apply generally to Class, such that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

38.     **_Typicality._** Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all received emails from Defendant with false or misleading information in the subject line.

39.     **_Adequacy._** Plaintiff will fairly and adequately protect Class members' interests.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel who has considerable experience and success in prosecuting complex class action and consumer protection cases.

40.     Further, a class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of their claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Defendant's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

41.     The nature of Defendant's misconduct is non-obvious and/or obscured from public view, and neither Plaintiff nor the members of the Class could have, through the use of reasonable diligence, learned of the accrual of their claims against Defendant at an earlier time. This Court should, at the appropriate time, apply the discovery rule to extend any applicable limitations period (and the corresponding class period) to the date on which Defendant first began transmitting commercial emails with false or misleading information in the subject line to members of the Class.

## CAUSES OF ACTION

### COUNT I
**Violation of the Washington Commercial Electronic Mail Act**
**(RCW Chapter 19.190)**

42.     Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

43.     Plaintiff pleads this count in three separate capacities: in her individual capacity, as a private attorney general seeking the imposition of public injunctive relief and/or as a putative class representative serving on behalf of all others similarly situated.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 13

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

44.     "CEMA [the Washington Commercial Electronic Mail Act] was enacted to protect concrete interests in being free from deceptive commercial e-mails. CEMA's prohibition on sending commercial e-mails with false or misleading subject lines . . . creates a substantive right to be free from deceptive commercial e-mails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019 Nov. 27, 2019) (holding that the plaintiff sufficiently pleaded concrete injury-in-fact for alleged CEMA violations based on her receipt of marketing emails from the defendant containing allegedly false "xx% off" statements in the subject line).

45.     Under CEMA, it is irrelevant whether the commercial e-mails were solicited. *Id*.

46.     An injury occurs anytime a commercial e-mail is transmitted that contains false or misleading information in the subject line. *Id*.

47.     CEMA creates an independent but limited private of right of action which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line. RCW 19.190.030(1)(b). A plaintiff who successfully alleges and proves such a violation may obtain, among other things, an injunction against the person who initiated the transmission. RCW 19.190.090(1). It is Plaintiff's intent in this count to plead an independent CEMA cause of action only to the limited extent that it is recognized by law, e.g., when a plaintiff seeks injunctive relief. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 728 n. 3 (2017) ("we note that a plaintiff may bring an action to enjoin any CEMA violation."); *Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. 2015).

48.     Defendant has initiated the transmission of hundreds of commercial electronic mail messages with false or misleading subject lines (the "Emails") to Plaintiff Dougan. The Emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the Emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

49.     Defendant sent the Emails for the purpose of promoting goods or services for sale or lease. Defendant was the original sender of the Emails.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

50.     Plaintiff Dougan received the Emails at her electronic mail address, which is the destination, commonly expressed as a string of characters, at which she receives and to which electronic mail may be sent or delivered.

51.     Defendant initiated the transmission, conspired with another to initiate the transmission and/or assisted the transmission of the Emails to one or more electronic mail addresses that Defendant knew, or had reason to know, were held by a Washington State resident, i.e., Ms. Dougan and members of the Class.

52.     At all relevant times, Defendant knew that the intended recipient (Ms. Dougan) was a resident of the State of Washington because, without limitation, Defendant possessed actual knowledge of Ms. Dougan's state of residence, Defendant possessed constructive knowledge of Ms. Dougan's state of residence, information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address, and/or Defendant otherwise knew or should have known or had reason to know that Ms. Dougan was a resident of the State of Washington. *See Heckel*, 122 Wash. App. at 6 (holding as a matter of law that a defendant had a reason to know that he sent emails to Washington residents by sending over 100,000 emails a week to people around the country).

53.     In violation of CEMA and for the reasons alleged hereinabove, the subject line of each Email contained false or misleading information. Specifically, the subject line of each Email contained the following false information: "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language.

54.     The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public lack an adequate remedy at law. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

## COUNT II
### Violation of the Washington Consumer Protection Act
### (RCW Chapter 19.86)

55.     Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

56.     Plaintiff Dougan pleads this count in three separate capacities: in her individual capacity, as a private attorney general seeking the imposition of public injunctive relief, and/or as a putative class representative serving on behalf of all others similarly situated.

57.     The Washington Consumer Protection Act (the "CPA"), RCW 19.86, was first enacted in 1961 and is Washington's principal consumer protection statute. The CPA "replaces the now largely discarded standard of *caveat emptor* with a standard of fair and honest dealing." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act— Introduction).

58.     The CPA's primary substantive provision declares unfair methods of competition and unfair or deceptive acts or practices to be unlawful. RCW 19.86.020. "Private rights of action may now be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. RCW 19.86.090. A private plaintiff may be eligible for treble damages . . . . Private consumers may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights. RCW 19.86.090." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction).

59.     The CPA recognizes and incorporates *per se* violations. The Washington Legislature routinely prohibits certain specified conduct but, instead of creating a new and independent private right of action to enforce the prohibition, the Legislature deems the unlawful conduct to be a *per se* violation of the CPA. If a defendant engages in that unlawful conduct, a plaintiff may file a CPA complaint alleging the *per se* violation and seek the remedies available under the CPA and/or also seek the remedies available under the statute which forbids the *per se* violation. *See* Washington Pattern Jury Instruction Civil No. 310.03 (*Per Se* Violation of Consumer Protection Act) and Appendix H (Consumer Protection Act *Per Se* Violations).

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

60.     A plaintiff can plead a violation of the Washington Consumer Protection Act by pleading that the CPA was violated *per se* due to a violation of the Washington Commercial Electronic Mail Act ("CEMA"). *See* RCW 19.190.030(1)(b) ("It is a violation of the consumer protection act, chapter 19.86 RCW . . . to initiate the transmission of a commercial electronic mail message that . . . [c]ontains false or misleading information in the subject line.").

61.     CEMA prohibits a person from initiating the transmission to an electronic mail address that the sender knows, or has reason to know, is held by a Washington State resident of a commercial electronic mail message that contains false or misleading information in the subject line. RCW 19.190.020(1)(b).

62.     "CEMA was enacted to protect concrete interests in being free from deceptive commercial e-mails. CEMA's prohibition on sending commercial e-mails with false or misleading subject lines . . . creates a substantive right to be free from deceptive commercial e-mails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019 Nov. 27, 2019) (holding that the plaintiff sufficiently pleaded concrete injury-in-fact for alleged CEMA violations based on her receipt of marketing emails from the defendant containing allegedly false "xx% off" statements in the subject line).

63.     Under CEMA, it is irrelevant whether the commercial e-mails were solicited. *Id*.

64.     An injury occurs anytime a commercial e-mail is transmitted that contains false or misleading information in the subject line. *Id*.  And, a person may recover statutory damages for every violative email received. *See In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2011 WL 744664, at *7 (W.D. Wash. Feb. 23, 2011) ("Washington's Commercial Electronic Mail Act ('CEMA'), RCW Ch. 19.190, provides statutory damages of $500 for every email that violates it.").

65.     A plaintiff who successfully pleads and proves a CEMA violation as a *per se* violation of the CPA may recover the remedies available under the CPA (e.g., actual damages, increased damages of up to treble actual damages (subject to a statutory maximum), injunctive relief, attorneys' fees and costs (RCW 19.86.090)) and/or the remedies available under CEMA (e.g., actual damages or statutory damages of $500 per email sent in violation of CEMA and

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 17

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

injunctive relief (RCW 19.190.040, RCW 19.190.090)).

66.     Defendant has initiated the transmission of hundreds of commercial electronic mail messages with false or misleading subject lines (the "Emails") to Plaintiff Dougan. The Emails were electronic mail messages, in that they were electronic messages sent to an electronic mail address; the Emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

67.     Defendant sent the Emails for the purpose of promoting goods or services for sale or lease. Defendant was the original sender of the Emails.

68.     Plaintiff Dougan received the Emails at her electronic mail address, which is the destination, commonly expressed as a string of characters, at which she receives and to which electronic mail may be sent or delivered.

69.     Defendant initiated the transmission, conspired with another to initiate the transmission and/or assisted the transmission of the Emails to one or more electronic mail addresses that Defendant knew, or had reason to know, were held by a Washington State resident, i.e., Ms. Dougan and/or others similarly situated.

70.     At all relevant times, Defendant knew that the intended recipient (Ms. Dougan) was a resident of the State of Washington because, without limitation, Defendant possessed actual knowledge of Ms. Dougan's state of residence, Defendant possessed constructive knowledge of Ms. Dougan's state of residence, information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address, and/or Defendant otherwise knew or should have known or had reason to know that Ms. Dougan was a resident of the State of Washington. *See State v. Heckel*, 122 Wash. App. 60, 69 (2004) (holding as a matter of law that a defendant had a reason to know that he sent emails to Washington residents by sending over 100,000 emails a week to people around the country).

71.     In violation of the Washington Consumer Protection Act (as based *per se* upon a violation of the Washington Commercial Electronic Mail Act) and for the reasons alleged hereinabove, the subject line of each Email contained false or misleading information.

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Specifically, the subject line of each Email contained the following false information: "XX% Off Everything," "XX% Off Entire Site," "XX% Off Entire Store," or similar language.

72.     Generally, a plaintiff pleading a claim under the Washington Consumer Protection Act must plead five necessary elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to plaintiff's business and property, and (5) causation. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 728 (2017). Because Plaintiff alleges a *per se* CPA violation by alleging a CEMA violation, all of these five elements are satisfied as a matter of law. *Id.* at 724; *see also Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d at 1003 ("[B]y alleging a CEMA violation of RCW 19.190.020, a plaintiff alleges all five elements of a CPA violation: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property" that is (5) causally linked to the unfair or deceptive act.").

73.     Defendant's misconduct as alleged herein was not performed in good faith. Defendant's misconduct as alleged herein was not reasonable in relation to the development and preservation of business.

74.     The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public lack an adequate remedy at law. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

## PRAYER FOR RELIEF

Plaintiff Elaine Dougan, on behalf of herself individually, as a private attorney general and/or on behalf of the Class of all others similarly situated hereby respectfully requests that this Court order relief and enter judgment against Defendant The Children's Place, Inc., as follows:

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

**As To The First Claim (Violation of the Washington Commercial Electronic Mail Act):**

1.     For an order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

2.     For an order that Defendant be permanently enjoined from the unlawful conduct alleged herein pursuant to, without limitation, RCW 19.190.090(1);

**As To The Second Claim (Violation of the Washington Consumer Protection Act):**

3.     For an order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

4.     For actual damages pursuant to, without limitation, RCW 19.86.090;

5.     For an increase in the award of actual damages of up to treble the actual damages (up to the statutory maximum of $25,000 to be awarded to Plaintiff and to each member of the Class for each violative email) pursuant to, without limitation, RCW 19.86.090;

6.     For damages which are the greater of (a) the actual damages incurred by Plaintiff and each member of the Class or (b) the statutory damages of $500 to be awarded to Plaintiff and to each member of the Class for each instance in which Defendant initiated the transmission of a commercial electronic mail message which was received by a Washington resident and which contained false or misleading information in the subject line (i.e., $500 to be awarded to each Class member for each violative email subject line) pursuant to, without limitation, RCW 19.190.040;

7.     For nominal damages;

8.     For an order that Defendant be permanently enjoined from the unlawful conduct alleged herein pursuant to, without limitation, RCW 19.86.090;

**As To Each And Every Claim:**

9.     For an order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

10.    For an order that Defendant be permanently enjoined from the unlawful conduct alleged herein;

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF - 20

11.    For an order that the Court retain jurisdiction to police Defendant's compliance with the permanent injunctive relief;

12.    For pre-judgment and/or post-judgment interest to the extent allowed by law;

13.    For attorneys' fees to the extent allowed by law;

14.    For costs to the extent allowed by law; and/or

15.    For any other relief the Court deems just and proper, including, without limitation, temporary, preliminary and/or permanent injunctive relief.

## **JURY DEMAND**

Plaintiff Elaine Dougan demands trial by jury on all issues so triable.


Respectfully submitted, this 30th day of May, 2020, by:

HATTIS & LUKACS

By: _____
Daniel M. Hattis

By: _____
Paul Karl Lukacs

By: _____
Che Corrington

Daniel M. Hattis, WSBA No. 50428
dan@hattislaw.com
Paul Karl Lukacs, WSBA No. 56093
pkl@hattislaw.com
Che Corrington, WSBA No. 54241
che@hattislaw.com
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com

Attorneys for Plaintiff Elaine Dougan
and the Proposed Class