The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ELAINE DOUGAN, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC.,<br><br>Defendant. | Case No.  2:20-cv-00818<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM DEADLINES IN COURT'S SCHEDULING ORDERS**<br><br>NOTE ON MOTION CALENDAR:<br>**Friday, August 28, 2020** |

DEFENDANT TCP'S MOTION FOR RELIEF FROM
DEADLINES IN COURT'S SCHEDULING ORDERS
CASE NO. 2:20-CV-00818

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Pursuant to Local Civil Rule 7(d)(2), Defendant The Children's Place, Inc. ("TCP") moves for relief from the deadlines in the Court's August 14, 2020 Scheduling Orders (Dkt. Nos. 21, 22). Specifically, TCP requests that the Court suspend the deadlines in its Scheduling Orders pending the Court's ruling on TCP's Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration") (Dkt. No. 11).[1]

I.   PROCEDURAL HISTORY

In response to Plaintiff Elaine Dougan's Class Action Complaint (Dkt. No. 1), TCP filed its Motion to Compel Arbitration on July 10, 2020 (Dkt. No. 11). The briefing on TCP's Motion to Compel Arbitration was completed on August 7, 2020 (*See* Dkt. Nos. 14, 19). The Court has not yet set a hearing or ruled on the Motion to Compel Arbitration. The Court subsequently entered two Scheduling Orders, both on August 14, 2020 (Dkt. Nos. 21, 22), setting the following deadlines governing early discovery and class certification:

| DEADLINE | EVENT |
| --- | --- |
| August 28, 2020 | Federal Rule of Civil Procedure 26(f) Conference |
| September 11, 2020 | Initial Disclosures |
| September 18, 2020 | Joint Status Report |
| October 26, 2020 | Completion of Discovery on Class Certification |
| November 25, 2020 | Plaintiff's Motion for Class Certification |

Pursuant to these Orders, the parties are obligated to begin actively participating in discovery while the Court determines whether the parties' dispute is properly in this forum.

---

[1] Counsel for all parties met and conferred regarding the relief sought by this motion. The parties further contacted chambers by telephone, on August 19, 2020, to request a telephonic hearing to resolve this dispute. Because TCP seeks relief from deadlines, rather than an order resolving a discovery dispute, TCP presents this motion pursuant to LCR 7(d)(2).

DEFENDANT TCP'S MOTION FOR RELIEF FROM
DEADLINES IN COURT'S SCHEDULING ORDERS       1.
CASE NO. 2:20-CV-00818

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## II. ARGUMENT

Good cause exists to suspend all deadlines in the Court's Scheduling Orders pending a ruling on TCP's Motion to Compel Arbitration. Doing so will conserve party and judicial resources, and avoid irreparable harm to TCP, while the Court considers whether the present dispute is subject to arbitration.

An order granting TCP's request would be well within the district court's discretionary power to stay proceedings. *See Landis v. N.A. Co.*, 299 U.S. 248, 254–55 (1936). Granting such relief is appropriate here because, when presented with a motion to compel arbitration, a court's jurisdiction is limited to determining whether the dispute is arbitrable. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999). Indeed, under the Federal Arbitration Act ("FAA"), discovery is permitted, if at all, only regarding "'issues related to the making and performance of the agreement to arbitrate.'" *Coneff v. AT&T Corp.*, No. 2:06-cv-00944-RSM, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (quoting *Simula*, 175 F.3d at 726). This limited scope of jurisdiction ensures that a party cannot circumvent its agreement to arbitrate by initiating discovery in a judicial forum. Thus, discovery on the underlying merits of a claim is neither appropriate nor permissible while a motion to compel is pending. *Simula*, 175 F.3d at 726.

Courts in the Ninth Circuit regularly stay discovery and other pre-trial obligations pending a decision on a party's motion to compel arbitration. *See, e.g.*, *Coneff*, 2007 WL 738612, at *2 (staying all discovery on merits until decision on motion to compel arbitration issued); *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (stay of initial scheduling obligations and discovery pending determination of motion to compel is prudent because, "if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators," not the court); *Winig v. Cingular Wireless*, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (holding that stay of discovery pending appeal was necessary to prevent irreparable harm to defendant—*i.e.*, loss of speed and economy associated with arbitration).

**DEFENDANT TCP'S MOTION FOR RELIEF FROM DEADLINES IN COURT'S SCHEDULING ORDERS**
**CASE NO. 2:20-CV-00818**
2.
COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Here, an order suspending the parties' discovery obligations is necessary to prevent irreparable harm to TCP. If the Court grants TCP's Motion to Compel Arbitration, the case will be sent to arbitration, where "responsibility for the conduct of discovery lies with the arbitrators." *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted). Requiring the parties to commence discovery obligations at this time also threatens to waste the parties' and the Court's time and resources on matters that may ultimately be the responsibility of an arbitrator, and which may prove to be overly broad in an arbitration setting. *See Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (holding that "parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration"). In short, if TCP is required to proceed with discovery while the enforceability of the arbitration agreement is still being litigated, "'the advantages of arbitration—speed and economy—are lost forever.'" *Winig*, 2006 WL 3201047, at *2 (quoting *Alascom Inc. v. ITT N. Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)).

Finally, Plaintiff will suffer no prejudice from a deferral of the deadlines in the Court's Scheduling Orders—even if the Court ultimately denies TCP's Motion to Compel Arbitration. *See Mahamedi IP Law*, 2017 WL 2727874, at *1 (finding plaintiff "will suffer no prejudice from a temporary stay" if court ultimately determines that dispute is not subject to arbitration). At worst, granting the relief sought by TCP would delay the onset of discovery by a few weeks or months; if the Court finds that Plaintiff is entitled to proceed with this action, Plaintiff's right to discovery will be unaffected.

### III.   CONCLUSION

For these reasons, TCP respectfully requests that the Court suspend all deadlines in its Scheduling Orders until a decision has been entered on TCP's Motion to Compel Arbitration.[2]

---

[2] In the event the Court denies TCP's motion, the Court may issue new Scheduling Orders or direct the parties to meet-and-confer regarding proposed deadlines for early discovery and class certification.

DEFENDANT TCP'S MOTION FOR RELIEF FROM
DEADLINES IN COURT'S SCHEDULING ORDERS
CASE NO. 2:20-CV-00818

3.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

| | | |
|---|---|---|
| 1 | Dated: August 20, 2020 | */s/ Christopher B. Durbin* |
| | | Christopher B. Durbin (WSBA No. 41159) |
| | | COOLEY LLP |
| | | 1700 Seventh Avenue |
| | | Suite 1900 |
| | | Seattle, WA 98101-1355 |
| | | Telephone: (206) 452-8700 |
| | | Fax: (206) 452-8800 |
| | | Email: cdurbin@cooley.com |
| | | |
| | | Michelle C. Doolin (CA Bar No. 179445) |
| | | (*admitted pro hac vice*) |
| | | Sophia M. Rios (CA Bar No. 305801) |
| | | (*admitted pro hac vice*) |
| | | COOLEY LLP |
| | | 4401 Eastgate Mall |
| | | San Diego, CA 92121 |
| | | Telephone: (858) 550-6000 |
| | | Fax: (858) 550-6420 |
| | | Email: mdoolin@cooley.com |
| | | srios@cooley.com |
| | | |
| | | Attorneys for Defendant THE CHILDREN'S PLACE, INC. |

DEFENDANT TCP'S MOTION FOR RELIEF FROM DEADLINES IN COURT'S SCHEDULING ORDERS
CASE NO. 2:20-CV-00818

4.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700