THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELAINE DOUGAN,<br>for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC.,<br><br>                      Defendant. | Case No. 2:20-cv-00818-JLR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM DEADLINES IN COURT'S SCHEDULING ORDERS**<br><br>NOTE ON MOTION CALENDAR:<br>**Friday, August 28, 2020** |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 1
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Plaintiff Elaine Dougan opposes Defendant The Children's Place, Inc.'s ("TCP") Motion for Relief from Deadlines in Court's Scheduling Orders ("Motion") (Dkt. 23) for several reasons.

**First**, while TCP argues that engaging in initial disclosures and a Rule 26(f) conference and report would cause "irreparable harm," the JAMS arbitration rules which apply (according to TCP) require a largely identical exchange of information.

TCP's arbitration agreement states that arbitration is to be administered by JAMS "pursuant to the JAMS Streamlined Arbitration Rules & Procedures." *See* Motion to Compel Arbitration, at 4 (Dkt. 11). Rule 13 of JAMS Streamlined Arbitration Rules & Procedures, entitled Exchange of Information, provides:[1]

> (a) The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and information (including electronically stored information ("ESI")) relevant to the dispute or claim, including copies of all documents in their possession or control on which they rely in support of their positions or that they intend to introduce as exhibits at the Arbitration Hearing, the names of all individuals with knowledge about the dispute or claim and the names of all experts who may be called upon to testify or whose reports may be introduced at the Arbitration Hearing. The Parties and the Arbitrator will make every effort to conclude the document and information exchange process within fourteen (14) calendar days after all pleadings or notices of claims have been received. The necessity of additional information exchange shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

JAMS Rule 13 overlaps the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1)(A)(i), (ii) by requiring TCP to provide Ms. Dougan with "all documents . . . on which they rely in support of their positions or that they intend to introduce as exhibits at the Arbitration Hearing, [and] the names of all individuals with knowledge about the dispute or claim." JAMS Rule 13 specifically refers to ESI, one the main concerns of the Rule 26(f) conference. The disclosure requirements of JAMS Rule 13 are arguably more burdensome than those of the federal rules since, for example, JAMS front-loads expert discovery in a way that the federal rules do not and JAMS compresses its broad disclosures into a 14-day period that

---

[1] JAMS Streamlined Arbitration Rules & Procedures can be found at: https://www.jamsadr.com/rules-streamlined-arbitration/

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 2
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

follows the close of the pleadings. TCP cannot credibly argue that it will be irreparably harmed by engaging in discovery-related activity in this Court which it would also be required to do in the arbitration. If anything, TCP would "conserve resources" (its other argument) by following the federal rules' more leisurely disclosures. Also, TCP cannot truly "conserve resources" or be prejudiced when it must provide largely identical disclosures in either forum.

**Second**, the Rule 26(f) conference of counsel is a useful exercise for identifying the issues and potential flash points of a dispute—regardless whether that dispute will ultimately be resolved by litigation or arbitration. Local Civil Rule 26(f) requires that the parties at the conference discuss certain topics which are applicable to both litigation and arbitration, e.g., the possibility of settlement, early resolution of potentially dispositive issues, ESI, evidence preservation obligations, and inadvertent production of privileged materials. The discovery plan required by Rule 26(f) can be applied in the arbitration or can be used as the basis for negotiating or requesting an amended discovery plan in the arbitration. Again, TCP cannot be prejudiced by engaging before this Court in the same actions that it would engage in arbitration.

**Third**, while TCP claims that, "when presented with a motion to compel arbitration, a court's jurisdiction is limited to determining whether the dispute is arbitrable," neither of the legal authorities cited by TCP stands for such a sweeping proposition. The cited case of *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999), says nothing about jurisdiction *qua* arbitration, and the cited case of *Coneff v. AT&T Corp.*, 2007 WL 738612 (W.D. Wash. March 9, 2007), is likewise silent. Since "even an ***order*** compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction," *Cure v. Toyota Motor Corp.*, 248 F. Supp. 2d 594, 597 (S.D. Miss. 2003) (emphasis added), it stands to reason that a mere motion to compel arbitration cannot impact the Court's jurisdiction.

**Fourth**, as of the time of the filing of this Opposition, TCP's counsel are refusing to schedule a Rule 26(f) conference despite repeated requests by Plaintiff's counsel to hold the conference on or before the Court-ordered deadline of August 28, 2020. TCP's counsel suggested that the conference be held on September 9th, but TCP's proposal (1) violates the Court's order setting the conference deadline at August 28, 2020 (Dkt. 21), and (2) improperly

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 3
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

assumes that the Court will grant TCP's motion, even though LCR 7(j) states that "Parties should not assume that the motion [for Relief from a Deadline] will be granted and must comply with the existing deadline unless the court orders otherwise." Plaintiff's counsel is attempting to follow both the Court's orders and Local Rule requiring the parties to comply with existing deadlines unless and until ordered otherwise.[2]

In the alternative, if the Court grants TCP's Motion, then Ms. Dougan requests that the timing of each deadline in the Courts' two Scheduling Orders (Dkts. 21, 22) be the same and begin running from the date the Court denies TCP's Motion to Compel Arbitration (Dkt. 11). In particular, Ms. Dougan aspires to adhere to this Court's 180-day deadline to move for class certification (Civil Local Rule 23(i)(3)) but she requests that she enjoy the full allotment of time under that rule. If the Court grants TCP's motion, Ms. Dougan requests the following timeline beginning from the date the Court denies TCP's Motion to Compel Arbitration (with the class certification deadline taking into account the 76 days which had elapsed between the filing of the complaint and the date of the Court's two scheduling orders (Dkt., 21, 22)):

| Event | Deadline From Denial of Motion to Compel Arbitration |
|---|---|
| FRCP 26(f) Conference | 14 Days |
| FRCP 26(a)(1) Initial Disclosures | 28 Days |
| FRCP 26(f)/LCR 26(f) Joint Status Report | 35 Days |
| Complete Class Certification Discovery | 73 Days |
| Plaintiff to File Motion for Class Certification | 104 Days |

DATED this 26th day of August, 2020.

HATTIS & LUKACS

By: */s/ Che Corrington*
Che Corrington, WSBA No. 54241
che@hattislaw.com

---

[2] In an attempt to comply with the Court's deadline, Plaintiff's counsel are available for a telephonic Rule 26(f) conference at any time on Thursday after 11 a.m. PT and (despite a significant calendar conflict) can now make themselves available at any time on Friday except between 2 p.m. and 4 p.m. PT.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 4
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Daniel M. Hattis, WSBA No. 50428
dan@hattislaw.com
Paul Karl Lukacs, WSBA No. 56093
pkl@hattislaw.com
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171

Attorneys for Plaintiff Elaine Dougan and the Proposed Class

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 5
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States, that on the 26th day of August, 2020, the document attached hereto was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

DATED this 26th day of August, 2020.

*/s/ Che Corrington*
Che Corrington, WSBA No. 54241

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM DEADLINES - 6
20-CV-00818-JLR

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com